# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

United States of America,

v.	Case No. 4:18-cr-00003

Christopher Lasher (18),	Michael L. Brown
	United States District Judge
　　　　　　　Defendant.

_____/

## ORDER

Magistrate Judge Walter E. Johnson recommends denial of Defendant Christopher Lasher's motion to dismiss the superseding indictment. (Dkt. 559.) Defendant Lasher has not objected to that recommendation. The Court accepts the Magistrate Judge's recommendation and affirms the denial of Defendant Lasher's motion.

## I.  Background

The United States did not charge Defendant Lasher in Count One of the superseding indictment, which alleges a conspiracy by various members of the Ghostface Gangsters to violate federal racketeering laws. But the superseding indictment mentions him in several overt acts that the government claims were part of the racketeering activity. For

example, Defendant Lasher allegedly sent a text message to another Ghostface gang member about a person who falsely claimed to be a "Capo," or leader. (Dkt. 279 at 21; *see also id.* at 10 (defining the word "Capo" as a leader in the Ghostface gang).) The superseding indictment also alleges that Defendant Lasher planned to pick up illegal drugs with another Ghostface gang member and was seen at that member's house. (*Id.* at 22.) In another overt act, it alleges Defendant Lasher traveled to a motel room where other Ghostface gang members were located to sell drugs. (*Id.*) It alleges Defendant Lasher possessed drugs on August 22, 2016. (*Id.*) Finally, the superseding indictment alleges that while in prison, Defendant Lasher offered to sell and then directed the sale of methamphetamine to an individual. (*Id.* at 28.)

The United States charged Defendant Lasher in Count Two of the superseding indictment. (*Id.* at 32–34.) The United States alleged that he conspired with others to distribute and possess with the intent to distribute methamphetamine from sometime in 2002 until sometime in 2018. (*Id.*).

## II. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). For those findings and recommendations to which a party has not asserted objections, the court must conduct a plain error review of the record. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

## III. Discussion

Defendant Lasher alleges that — before his indictment in this case — authorities in Cobb county prosecuted him for the conduct alleged in Count Two and at issue in certain overt acts in the superseding indictment. (Dkt. 557 at 2–3.) He claims that his indictment in this case violates the Double Jeopardy Clause of the United States Constitution.

The Magistrate Judge recommends denial of Defendant Lasher's motion. (Dkt. 559.) This Court also rejects it. First, it is not clear that his prior convictions encompass the entirety of Defendant Lasher's alleged involvement in the conspiracy at issue in Count Two. The

conspiracy charge may arise from conduct apart or in addition to the conduct listed in the overt acts. After all, the racketeering charge recounts his involvement in other potential criminal activity besides the acts that led to his prior convictions. And Count Two alleges that the criminal conspiracy began years before the activity identified in the overt acts and continued for years afterwards.

Second, current precedent from the Supreme Court and Eleventh Circuit hold that successive prosecutions by different sovereigns does not violate the Double Jeopardy Clause. *See, e.g., Abbate v. United States*, 359 U.S. 187, 195 (1959); *see also United States v. Bidwell*, 393 F.3d 1206, 1209 (11th Cir. 2004)* ("The Double Jeopardy Clause does not prevent different sovereigns (i.e., a state government and the federal government) from punishing a defendant for the same criminal conduct."). The United States is a different sovereign from Cobb county and the state of Georgia.

The Court understands that the Supreme Court has granted certiorari in *Gamble v. United States*, 138 S. Ct. 2707 (2018), possibly to reconsider the so-called dual-sovereignty doctrine. But that remains the

4

law for now and precludes Defendant Lasher's double jeopardy claim. The Court denies his motion to dismiss.

## IV. Conclusion

The Court **ADOPTS** the Magistrate Judge's recommendation about Defendant Lasher's motion to dismiss and **DENIES** the motion. (Dkts. 557, 559.)

**SO ORDERED** this 25th day of March, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE