IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

United States of America,

v.                                    Case No. 4:18-cr-3-MLB

Christopher Lasher (18),

        Defendant.

_____/

### ORDER

Christopher Lasher asks this Court to vacate his sentence under 28 U.S.C. § 2255. (Dkt. 1457.) The United States opposes. (Dkt. 1494.) The Magistrate Judge recommends denial of Lasher's motion. (Dkt. 1586.) Lasher filed no objections, and the Court adopts that recommendation.

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). But many district courts still do conduct a limited review of unobjected-to portions of an R&R, typically for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note (1983 Addition) ("When no timely objection is filed, the court need only satisfy

itself that there is no clear error on the face of the record in order to accept the recommendation."). Even assuming that review is necessary here, the Court sees no error—much less clear error—in the Magistrate Judge's conclusions that Lasher cannot succeed on his claim that his lawyer was ineffective for failing to seek a downward departure. (Dkt. 1586 at 6-9.) As part of this, the Court agrees with the Magistrate Judge's conclusion that section 5G1.3(b) of the Sentencing Guidelines is inapplicable here since Lasher was incarcerated when he committed the drug transaction at issue in this case. (*Id.* at 7-8.) The Court also sees no clear error in the Magistrate Judge's related conclusion that the inapplicability of that section precluded Lasher from receiving a downward departure under section 5K2.23 of the Sentencing Guidelines. (*Id.* at 7.) So the Court adopts the Magistrate Judge's conclusion that his lawyer's failure to seek a downward departure under section 5K2.23 did not—as a matter of law under these circumstances—constitute ineffective assistance of counsel. (*Id.* at 8.) The Court also sees no clear error in the Magistrate Judge's conclusion that Lasher has procedurally defaulted on any grounds for relief other than his claim for ineffective

assistance of counsel.[1]  Finally, the Court agrees with the Magistrate Judge's recommendation that a certificate of appealability be denied. (*Id.* at 11.)

The Court **ADOPTS** the R&R (Dkt. 1586), **DENIES** Defendant Christopher Lasher's motion to vacate (Dkt. 1457), and **DENIES** a certificate of appealability.

**SO ORDERED** this 19th day of August, 2025.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[1] The Court previously concluded Lasher was entitled to equitable tolling of the statute of limitations for his section 2255 claim and thus provided him 90 days in which to file his petition. (Dkt. 1429.) Lasher did so. (Dkt. 1457.) The Magistrate Judge interpreted this as an extension of the statute of limitations and concluded the Court had no authority to do so since Lasher had not yet filed his motion to vacate. (Dkt. 1586 at 2.) The Magistrate Judge then suggests the Court should "reissue" its tolling decision to apply to his motion to vacate. The Court is a bit confused by this as its prior decision recognized Lasher's right to tolling under the circumstances. At any rate, the Court reaffirms its prior decision that the statute of limitations was tolled (Dkt. 1429), thus making his motion to vacate timely.